[57 NYS3d 401]

In the Matter of PETER S. BARANOWICZ, an Attorney, Respondent.

Second Department, August 9, 2017

**APPEARANCES OF COUNSEL**

*Gary L. Casella*, White Plains (*Antonia Cipollone* of counsel), for Grievance Committee for the Ninth Judicial District.

*Peter S. Baranowicz*, Key West, Florida, respondent pro se.

### OPINION OF THE COURT

Per Curiam.

The Supreme Court of the State of Florida, by orders dated August 21, 2008 (990 So 2d 1060 [2008]), July 8, 2010 (41 So 3d 219 [2010]), and February 9, 2011 (55 So 3d 1289 [2011]), respectively (hereinafter the Florida orders), disciplined the respondent for his professional misconduct. The respondent failed to notify this Court of the Florida orders as required by former 22 NYCRR 691.3. Instead, the Florida orders were discovered by the Grievance Committee for the Ninth Judicial District during the course of an investigation based upon the respondent's failure to maintain his attorney registration for five biennial periods (2008 through 2017). After the Grievance Committee notified this Court of the Florida orders, this Court, by order to show cause dated March 23, 2017, inter alia, directed the respondent to show cause why discipline should or should not be imposed upon him in this state pursuant to 22 NYCRR 1240.13, based on the misconduct underlying the discipline imposed upon him by the Florida orders.

### The Florida Proceedings

Case No. SC07-2279

By order dated August 21, 2008 (990 So 2d 1060 [Fla Sup Ct 2008]), the Supreme Court of Florida approved an uncontested referee's report dated May 14, 2008, directed that the respondent receive a public reprimand, placed the respondent on probation for a period of three years, effective immediately, and entered a judgment in favor of the Florida bar and against the respondent for recovery of costs in the sum of $2,133. The Referee's report was predicated on a document submitted by the respondent entitled "Conditional Guilty Plea for Consent Judgment" (hereinafter the consent judgment), dated May 5, 2008.

As revealed in the consent judgment, briefly summarized, the respondent admitted that he had a third party sign a criminal fee agreement for the respondent's representation of the third party's brother and collected a nonrefundable fee retainer from the third party without making it clear that her brother was the client and not her. Thereafter, he failed to act with reasonable diligence in representing the client, and failed to keep his client reasonably informed about the status of his

case. In another matter, the respondent failed to provide discovery to opposing counsel pursuant to an agreement, for which he was sanctioned. The respondent agreed to, inter alia, the following discipline: (1) the imposition of a public reprimand, (2) that he undergo psychiatric, psychological, and addiction evaluation, and (3) a three-year period of probation to run concurrently with any rehabilitation contract he enters into with Florida Lawyers Assistance, Inc. (hereinafter the FLA).

The respondent submitted to a psychological evaluation on October 8, 2008, and executed a FLA rehabilitation contract on October 15, 2008.

By order dated December 12, 2008, the Supreme Court of Florida publically reprimanded the respondent.

Case No. SC09-1449

By order dated July 8, 2010 (41 So 3d 219 [Fla Sup Ct 2010]), the Supreme Court of Florida, inter alia, approved an uncontested referee's report dated March 30, 2010, and suspended the respondent from the practice of law for 90 days for his failure to abide by the terms of his FLA rehabilitation contract. As reflected in the findings of the Referee, briefly summarized, the respondent admitted that he failed to: (1) notify the FLA of the change in his monitor/treating professional, as required by the FLA rehabilitation contract; (2) submit monthly 12-step attendance sheets documenting his compliance with the FLA rehabilitation contract; and (3) pay his FLA monitoring fees for seven months.

By petition dated October 5, 2010, the respondent petitioned the Supreme Court of Florida to be placed on the inactive list for incapacity not related to misconduct. By order dated November 3, 2010, the Supreme Court of Florida granted the respondent's petition. Since the respondent was already suspended, placement on the inactive list was effective immediately.

Case No. SC10-1232

By order dated February 9, 2011 (55 So 3d 1289 [Fla Sup Ct 2011]), the Supreme Court of Florida approved an uncontested referee's report dated January 5, 2011, and directed that the respondent be suspended from the practice of law for one year nunc pro tunc to November 3, 2010. The Referee's report was predicated on a document entitled "Conditional Guilty Plea for Consent Judgment," signed by the respondent on December 22,

2010. As revealed in the Referee's report, the respondent was found guilty of failing to respond to a disciplinary inquiry with respect to three separate matters. Under mitigating factors, it was noted that the respondent had been under a FLA rehabilitation contract, and was initially diagnosed with a history of alcoholism and depression. His diagnosis was changed to bipolar disorder and his treatment was, accordingly, modified. He then entered into a new rehabilitation contract with FLA.

The respondent has not been reinstated to the practice of law in the State of Florida.

### The New York Proceeding

In response to this Court's order to show cause, the respondent submitted an affidavit, sworn to on April 17, 2017, in which he raised no defense to the imposition of reciprocal discipline, and claimed, among other things, that he ceased practicing law in New York in 1986.

As reflected in the findings of the Supreme Court of Florida underlying the Florida orders, the respondent has engaged in professional misconduct by, inter alia, failing to: (1) act with reasonable diligence in representing a client, (2) keep a client informed of the status of his case and provide discovery as agreed, (3) abide by the terms of his FLA rehabilitation contract, and (4) cooperate in three Florida disciplinary inquiries. Based upon the foregoing, we find that the imposition of reciprocal discipline is warranted, and the respondent is suspended from the practice of law for a period of one year. Further, any application by the respondent for future reinstatement in New York shall be conditioned upon the respondent's reinstatement to the Florida bar.

ENG, P.J., MASTRO, RIVERA, DILLON and BALKIN, JJ., concur.

Ordered that pursuant to 22 NYCRR 1240.13 (c), the respondent, Peter S. Baranowicz, is suspended from the practice of law for a period of one year, commencing September 8, 2017, and continuing until further order of this Court. The respondent shall not apply for reinstatement prior to his reinstatement to the Florida bar, and, in any event, shall not apply for reinstatement earlier than June 8, 2018. In such application (see 22 NYCRR 1240.16, 691.11), the respondent shall furnish satisfactory proof that during the period of suspension he: (1) refrained from practicing or attempting to practice law, (2) fully complied with this opinion and order and with the terms and provisions of the rules governing the conduct of disbarred

or suspended attorneys (*see* 22 NYCRR 1240.15), (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11 (a), (4) has been reinstated to the Florida bar, and (5) otherwise properly conducted himself; and it is further,

Ordered that the respondent, Peter S. Baranowicz, shall comply with the rules governing the conduct of disbarred or suspended attorneys (*see* 22 NYCRR 1240.15); and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until further order of this Court, the respondent, Peter S. Baranowicz, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Peter S. Baranowicz, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15 (f).